UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 FEB -6 AM 10: 46

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| JOEL A. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-1256 |
| ) | |
| VERMONT FEDERAL PROBATION ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

**AMENDED ORDER DENYING APPLICATION
TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING PETITION***
(Doc. 1)

Plaintiff Joel A. Wright, a Connecticut prisoner representing himself, seeks to bring an action seeking mandamus against the Vermont Federal Probation Department. (Doc. 1-1.) Plaintiff filed an Application to Proceed *in Forma Pauperis* ("IFP"), or without prepaying fees or costs, under 28 U.S.C. § 1915. (Doc. 1.) For the reasons discussed below, the IFP Application is DENIED WITHOUT PREJUDICE and the petition for mandamus is DISMISSED. The court grants Plaintiff leave to file an updated IFP Application and an amended petition.

**I.   Plaintiff's Requested Relief**

Plaintiff seeks to file a one-page motion seeking a writ of mandamus. He requests the court "mandate the Vermont District of Federal Proba[]tion to approve his submitted address for re-entry in South Hero, Vermont, where he has his established domicile." (Doc. 1-1 at 1.) He alleges that the "Vermont Federal Probation officer was notified in September of 2024 of [his] application in accordance with § 404 of the First Step Act. To date, the officer has failed to

---

* This Amended Order is being issued to reflect a new date by which Plaintiff may file a complete IFP Application or an Amended Petition before the case will be dismissed without prejudice. The court cannot confirm that the original Order, filed December 11, 2024, was mailed to Plaintiff. There are no other changes to the original order.

provide reasonable response to multiple requests for home inspection, delaying the process for First Step Act release date compliance." *Id.* (citation omitted). He also requests the court appoint him counsel under the Criminal Justice Act, 18 U.S.C. § 3006.

## II.   IFP Application

Where a plaintiff seeks to proceed IFP, or without prepaying fees, the court must determine whether he has demonstrated sufficient economic need to proceed without prepaying, in full, the required filing fee. The purpose of the IFP statute, 28 U.S.C. § 1915, is to ensure that indigent persons have equal access to the judicial system. The statute excuses from prepayment of filing fees any person who submits an affidavit "that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

Under 28 U.S.C. § 1915(b)(1), however, a prisoner is "required to pay the full amount of a filing fee." *Id.* § 1915(b)(1); *see also id.* § 1915(h) ("As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of . . . violations of criminal law[.]"). Accordingly, whether Plaintiff is granted or denied IFP status, he would be responsible for the entire $350 case filing fee. If Plaintiff's IFP Application is granted, he must pay "an initial partial filing fee of 20 percent of the greater of . . . the average monthly deposits to [his] account[] or . . . the average monthly balance in [his] account for the 6-month period immediately preceding the filing of the complaint[.]" *Id.* § 1915(b)(1)(A)–(B). Thereafter, Plaintiff would be required to "make monthly payments of 20 percent of the preceding month's income credited to [his] account . . . until the filing fees are paid." *Id.* § 1915(b)(2).

Plaintiff's IFP Application is deficient because he is incarcerated and has not filed the required statement certified by an institutional officer showing the receipts, expenditures, and

2

balances during the last six months for Plaintiff's institutional account. For this reason, the IFP Application must be DENIED. The motion is denied without prejudice meaning that Plaintiff may refile his application together with the required inmate account summary.

### III.   28 U.S.C. § 1915A Screening

Under the *in forma pauperis* statute, the court conducts an initial screening of the complaint. *See* 28 U.S.C. § 1915(e)(2). Additionally, whenever a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, the court is required to review the complaint "as soon as practicable." *Id.* § 1915A(a). Finally, a court must dismiss a case at any time if it determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

The court is required to read a self-represented plaintiff's complaint liberally and to hold it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up); *see also Harris v. Miller*, 818 F.3d 49, 56–57 (2d Cir. 2016) (per curiam) (noting district courts must afford "special solicitude" to a self-represented litigant including reading the complaint liberally and construing it to raise the strongest arguments it suggests). However, the court must dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B); *see also* § 1915A(b).

In determining whether a complaint states a claim, the court must "accept as true all of the allegations contained in a complaint" and decide whether the complaint states a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). All complaints must contain "sufficient factual matter[] . . . to state a claim" for relief. *Id.* While "special solicitude" is required, self-represented litigants

nevertheless must satisfy the plausibility standard set forth in *Iqbal*. *See Harris*, 818 F.3d at 56; *Harris v. Mills*, 572 F.3d 66, 68, 72 (2d Cir. 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Plaintiff's motion for writ of mandamus does not state the grounds for the court's jurisdiction. The Mandamus Act, 28 U.S.C. § 1361, provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus is an extraordinary remedy." *Escaler v. U.S. Citizenship & Immigr. Servs.*, 582 F.3d 288, 292 (2d Cir. 2009). To establish jurisdiction under § 1361, a plaintiff "must show (1) a clear right to the relief sought; (2) a plainly defined and peremptory duty on the part of defendants to do the act in question; and (3) that there is no other adequate remedy available." *Alharbi v. Miller*, 368 F. Supp. 3d 527, 553 (E.D.N.Y. 2019) (cleaned up). A district court's "jurisdiction under the mandamus statute is limited to actions seeking to compel the performance of a *nondiscretionary* duty." *Duamutef v. INS*, 386 F.3d 172, 180 (2d Cir. 2004).

Although the United States Probation office "is an arm of the federal courts," *Banks v. Dep't of Justice*, 538 F. Supp. 2d 228, 231–32 (D.D.C. 2008), Plaintiff has not established any of the three required elements for subject matter jurisdiction under § 1361. He has not alleged that he has a "clear right to the relief sought" or that the United States Probation Office for the District of Vermont has "a plainly defined and peremptory duty" to approve his submitted address. *See Alharbi*, 368 F. Supp. 3d at 553. In particular, Plaintiff's request that the court order Defendant to approve his address is inappropriate because mandamus may not be employed "to direct the exercise of judgment or discretion in a particular way." *Wilbur v. United*

4

*States ex rel. Kadrie*, 281 U.S. 206, 218 (1930). For these reasons, Plaintiff has not established that the court possesses subject matter jurisdiction over this case, and his petition must be DISMISSED. Fed. R. Civ. P. 12(h)(3); *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) ("[S]ubject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*.").

### IV.   Appointment of Counsel

Plaintiff requests that counsel be appointed to represent him pursuant to the Criminal Justice Act "as the outcome of this motion directly impacts his life and liberty in a criminal case." (Doc. 1-1 at 1.) Plaintiff states that he is incarcerated with limited access to current legal decisions and information as well as limited resources to properly present his argument. (Doc. 1-1 at 1.)

"A party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Conn. State Trooper Officer # 1283*, 640 F.3d 62, 68 (2d Cir. 2011). Nevertheless, a party granted IFP status may request the court for the appointment of an attorney if unable to afford one on their own. *See* 28 U.S.C. § 1915(e)(1). A court may ask an attorney to represent an indigent litigant under § 1915(e)(1), but there are no court funds available to pay an attorney. *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007). "As a result, [these] appointments occur very rarely, being saved for cases that appear to have some chance of success." *Id.* (footnote omitted).

The decision to assign counsel lies within the court's discretion. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Courts consider factors such as the potential strength of the claims, a plaintiff's ability to investigate facts and present the case, the complexity of the legal issues, and any special reasons why appointment of counsel would be more likely to lead to

5

a just determination. *Id.* A court may also consider if the indigent party has made an effort to retain counsel and the general availability of counsel able to provide representation on a pro bono basis. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

This is a civil case which means that Plaintiff is not entitled to counsel. As he has not been granted IFP status, § 1915(e)(1) is inapplicable. Thus, although the court is cognizant that Plaintiff is incarcerated, his motion is premature. The court DENIES WITHOUT PREJUDICE Plaintiff's request for appointment of counsel. Plaintiff may renew his request for appointment of counsel.

## V.     Leave to Amend

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). "Amendment is futile where the problems with the complaint's claims are substantive and not the result of inartful pleading." *Biswas v. Rouen*, 808 F. App'x 53, 53 (2d Cir. 2020) (cleaned up). Although it is not clear that Plaintiff can establish subject matter jurisdiction, the court grants leave to amend.

Plaintiff is advised that a proposed amended petition for mandamus, if filed, will supersede and completely replace his original motion. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (noting "it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect") (cleaned up). An Amended Petition must include Plaintiff's factual allegations in their entirety and must set forth the claims he alleges against each defendant and all the relief he seeks. It must comply with the Federal Rules of Civil Procedure, including setting forth a short and plain statement of the grounds for the

court's subject matter jurisdiction as well as a short and plain statement of each claim as required by Rule 8, in consecutively numbered paragraphs as required by Rule 10, and Plaintiff's original signature as required by Rule 11.

For further reference, Plaintiff may consult a sample Complaint as well as the court's Representing Yourself as a *Pro Se* Litigant Guide, available on the court's website at www.vtd.uscourts.gov/filing-without-attorney-1 or contact the District of Vermont Clerk's Office for a self-represented party's informational pamphlet.

## CONCLUSION

For the reasons discussed above, Plaintiff's Application to Proceed *in Forma Pauperis* (Doc. 1) is DENIED WITHOUT PREJUDICE and his motion for writ of mandamus is DISMISSED. Plaintiff is GRANTED leave to file an updated IFP Application, including a completed inmate account statement, as well as to submit a proposed Amended Petition. If Plaintiff fails to file a complete IFP Application or an Amended Petition by March 14, 2025, the case shall be dismissed without prejudice.

The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 6th day of February 2025.

Mary Kay Lanthier
District Court Judge